**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Lynne Becker, ) | CASE NO: 2:17-cv-3083-PMD |
| ) | |
| Plaintiff, ) | |
| ) | **AMENDED COMPLAINT** |
| v. ) | |
| ) | |
| American Bankers Insurance Company ) | |
| of Florida, ) | |
| ) | |
| Defendant. ) | |

Plaintiff would respectfully show unto the Court as follows:

**JURISDICTION**

1. Plaintiff is an individual and resident of Charleston County, South Carolina;

2. Defendant is a corporation organized and existing under the laws of a State other than South Carolina, but doing business in South Carolina;

3. At all times relevant hereto, Plaintiff's residence located at 670 N. Stiles Drive in Charleston, South Carolina, was insured against flood loss by Defendant, Policy No. 65005162392016;

4. The insurance policy at issue provides that all disputes arising from the handling of any claim under the Policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended, 42 U.S.C. 4001, *et. seq.*, and federal common law;

5. Accordingly, the Court has exclusive jurisdiction to hear and determine this action pursuant to 42 U.S.C. 4072 and 44 CFR 62.22.

**FACTUAL RECITATION**

6. All of the allegations contained above are hereinafter incorporated as if they had been set forth herein verbatim;

7. On October 8, 2016, Plaintiff's home was severely damaged by Hurricane Matthew, a named Category 2 storm, which hit the South Carolina Coast;

8. On September 11, 2017, Plaintiff's home was severely damaged, again, by Tropical Storm Irma, which hit the South Carolina Coast;

9. Plaintiff's residence abuts a body of water that overflowed and flooded her property during both Hurricane Matthew and Tropical Storm Irma;

10. As a result of the flood, Plaintiff's residence experienced "direct physical loss by or from flood" as defined by the policy, as follows:

Flood, as used in this flood insurance policy, means:

1. A general and temporary condition of partial or complete inundation of two or more acres of normally dry land area or of two or more properties (one of which is your property) from:

a. Overflow of inland or tidal waters;

b. Unusual and rapid accumulation of runoff of surface waters from any source;

c. Mudflow.

2. Collapse or subsidence of land along the shore of lake or similar body of water as a result of erosion or undermining caused by waves or currents of water exceeding anticipated cyclical levels that result in a flood as defined in A.1.a above.

11. Due to the flooding, Plaintiff's residence experienced significant damages to include, but not limited to: walls, appliances, drywall, flooring, cabinets, countertops, doors, HVAC unit, and bathroom, along with substantial structural damage to the foundation;

12. Despite repeated demands, Defendant has failed and refused to indemnity Plaintiff for all of her losses from both storms;

13. Plaintiff has lost the beneficial use and enjoyment of her residence due to Defendant's refusal to pay for needed repairs and resultant inability to commence the needed repairs.

## FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment)

14. All of the allegations contained above are hereinafter incorporated as if they had been set forth hereinafter verbatim;

15. Plaintiff asks the Court to declare that the insurance contract at issue provides coverage for the damages claimed herein;

16. In the alternative, Plaintiff asks the Court to find the insurance contract at issue is ambiguous and, thus, should be construed against the insurer.

2

## FOR A SECOND CAUSE OF ACTION
### (Breach of Contract)

17. All of the allegations contained above are hereinafter incorporated as if they had been set forth hereinafter verbatim;

18. Defendant's conduct constitutes a breach of the insurance contract;

19. Plaintiff is entitled to an award of actual damages for the breach.

**WHEREFORE**, Plaintiff prays for actual damages in an amount to be determined by this court.


                            Respectfully Submitted,

                  By:       s/George J. Kefalos
                            George J. Kefalos, Esquire
                            Fed. ID #: 3225
                            46 A State Street
                            Charleston, South Carolina 29401
                            Phone: (843) 722-6612
                            Geroge@Kefaloslaw.com

                            -and-

                            Brett L. Stevens, Esquire
                            FED ID #:12079
                            1822 Bull Street
                            Columbia, South Carolina 29201
                            Phone: (803) 587-8506
                            Brett@BrettStevensLaw.com



Charleston, South Carolina
Dated: April 2, 2018